# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEVORRIE JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11707** |
| **COL. ALLEMAND** | **SECTION "M"(4)** |

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, ("Jevorrie Jackson"), is incarcerated in the Allen Correctional Center, in Kinder, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendant, Colonel Allemand, a guard in the Allen Correctional Center.[1] The plaintiff alleges in the complaint that Colonel Allemand made inappropriate comments of a sexual nature and threats to place him where he could be raped in the prison. Jackson seeks monetary compensation and disciplinary action against the defendant.

The filing of Jackson's complaint in this Court follows a curious path. Jackson did not send his complaint to this Court for filing. Instead, he mailed the complaint to the Clerk of Court for the United States District Court for the Middle District. Rather than file the pleadings and have a judicial officer assess venue and jurisdiction, a deputy clerk emailed the pleading to the Clerk of this Court stating "[w]e believe that the attached documents are for your court."[2] The deputy clerk in the Middle District apparently did not give Jackson notice of her forwarding nor was Jackson given an opportunity to challenge her decision to forward without judicial order. Although the phrase "Eastern District of Louisiana" appears at the top of the Complaint, the substance of the pleadings reflects that the pleadings are not for this Court.

---

[1] Rec. Doc. No. 1, Deficient Complaint.

[2] Rec. Doc. No. 1, p.9, M.D. La. Deputy Clerk's e-mail.

Nevertheless, the Clerk of this Court processed Jackson's pleading for filing and notified Jackson of certain deficiencies with his complaint, including the failure to pay the filing fee or submit a pauper application.[3] Jackson has not responded to the Clerk's notice or submitted a pauper application or filing fee.

Rather than perpetuate the error made in the other district, and because of the potentially serious nature of the plaintiff's claims, the Court finds that the pleading should be transferred to the district court of proper venue to allow that court to address further proceedings it deems appropriate.

**I.      Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

---

[3]Rec. Doc. No. 2.

## II. Discussion

The plaintiff claims that his cause of action arose in and the defendant is employed at the Allen Correctional Center in Kinder, Louisiana, which falls within the geographical boundaries of Allen Parish in the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The plaintiff does not allege that the defendant resides or is located within this district. The interest of justice dictates that venue is proper in the Western District of Louisiana.

## III. Recommendation

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 28th day of August, 2019.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.